UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>v.<br><br>GILEAD SCIENCE, INC.,<br><br>    Defendant. | Case No. 18-cv-00677-LHK (SVK)<br><br>**ORDER REGARDING DEFENDANT'S MOTIONS TO COMPEL PLAINTIFF'S DEPOSITION AND PRODUCTION OF PLAINTIFF'S MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 35, 36, 37 |

Defendant Gilead Science, Inc. ("Gilead") submitted two discovery letters regarding separate discovery disputes with Plaintiff Syed Nazim Ali ("Ali"). ECF 35, 36. Gilead's letters raise two issues: (1) Ali's cancellation of his deposition and request to delay his deposition due to his high blood pressure, and (2) Ali's revocation of his consent to the release of his medical records after Gilead prepared subpoenas for Ali's healthcare providers. ECF 35, 36. Ali responded to the first letter regarding his deposition (ECF 37), but Ali has failed to respond to the second letter regarding the production of his medical records despite the Court notifying him that his response was due by July 24, 2018. ECF 38. Ali's suit against Gilead alleges discrimination on the basis of race, national origin, religion, and disability as well as a failure to accommodate, wrongful termination, and intentional infliction of emotional distress. *See* ECF 1. These claims arise out of Ali's placement with Gilead from January 2016 to May 2016 through FusionStorm, a temporary IT staffing agency and Ali's actual employer at the time. ECF 33 at 2.

The Parties appeared before the Honorable Judge Koh for a case management conference on July 11, 2018, during which they were unable to reach a compromise on their various discovery disputes. Judge Koh referred all discovery issues to this Court. Since then, the Parties have attempted to meet and confer without success. And both Parties' discovery letters detail these efforts and the

difficulty the Parties have faced in working together.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and rules as follows:

## I. Plaintiff Ali's Deposition

Gilead moves to compel Ali's deposition. *See* ECF 35. Gilead originally noticed Ali's deposition for June 20, 2018, but Ali requested a continuance due to his high blood pressure. *Id.* at 2. Ali contends that the stress of this case continues to keep his blood pressure at dangerous levels, and as a result, a written deposition under Fed. R. Civ. P. 31 is more appropriate. ECF 37 at 2, 5. Ali's position is supported by a doctor's note instructing that any oral deposition should be rescheduled if Ali's blood pressure remains higher than 160/90 during the deposition. *Id.* at Ex. 1. Gilead points out that Ali is an active litigant, who initiated this litigation as well as several other suits in both this Court and in state court. ECF 35 at 4. The Parties have been unable to agree on a new date for Ali's deposition. Gilead seeks an order (1) compelling Ali to sit for a deposition, and (2) requiring Ali to pay the costs of any additional deposition sessions due to delays caused by his health condition. *Id.* at 5.

Parties have a justified desire to take the oral deposition of a key witness rather than rely on a written deposition. *See Hines v. California Pub. Utilities Comm'n*, 2009 WL 3621878, at *1 (N.D. Cal. Oct. 29, 2009); *Sec. & Exch. Comm'n v. Wu*, 2016 WL 4943000, at *4 (N.D. Cal. Sept. 16, 2016) ("A written deposition is no substitute for an oral deposition."). Indeed, oral depositions have several advantages over written depositions, including the opportunity for follow-up questions. Thus, Gilead's insistence on an oral deposition of Ali, the Plaintiff, is reasonable. However, Ali has identified a medical condition that should be taken into consideration in arranging the deposition. Unfortunately, the Parties have been unable to reach such an accommodation on their own.

In accordance with this Court's previous directives to the Parties (ECF 39) and cognizant of the discussions, without an order, before Judge Koh (ECF 30), this Court orders that Ali must appear for three (3) days of deposition sessions. Each session shall consist of four (4) hours of recorded time for a total of 12 hours of recorded time. Ali may take breaks as needed, but such

2

breaks are not to exceed a total of 90 minutes in each session. The Court clarifies that the 90 minute break shall include any lunch breaks, snack breaks, or any other rest breaks that are unrelated to Ali's health conditions. This protocol substantially mirrors the arrangement in *Ali v. eBay* (Case No. 5:17-cv-06589-BLF) for the Parties' and Court's ease of understanding and enforcement.

The Parties are currently under an order from Judge Koh to complete ADR discovery by August 3, 2018, and to hold a settlement conference by August 27, 2018.[1] ECF 31 at 2. Gilead also states that it is unwilling to move forward with a settlement conference without Ali's deposition. ECF 35 at 4. This Court can and will adjust the ADR discovery cut-off in light of the number of pending discovery-related disputes. However, any adjustment to the deadline for a settlement conference is not for this Court. The Court also takes into consideration the benefit of limited, focused, discovery prior to a settlement conference. Accordingly, the Court orders that at least two of the three deposition sessions take place no later than Friday, August 24, 2018.

The Court denies Gilead's requests for costs incurred during additional deposition days, without prejudice to renew those requests upon a showing of good cause. The Court advises Ali that failure to complete a Court ordered deposition may result in a motion by Gilead to strike claims or impose monetary sanctions.

The Court denies Ali's request for the appointment of a third-party medical advisory board. ECF 37 at 2. Ali asserts that his condition has not improved and cites two recent doctor's visits in July (*Id.* at 3), but he fails to include any documentation regarding those visits in his letter brief. As noted above, Ali is an active litigant, who has filed several cases in this Court and in state court. ECF 35 at 4. His other litigation activities, which include briefing, appearing at hearings, and serving discovery requests (*Id.*), stand in contrast to his request to be excused from his deposition. The Court has previously ordered Gilead to begin production in response to Ali's discovery requests (ECF 39), Ali likewise must now participate in Gilead's requested discovery.

---

[1] Gilead notes that the Parties are in the process of discussing a stipulation to continue these dates. ECF 35 at 2.

3

## II. Plaintiff Ali's Medical Records

Gilead seeks an order to compel the production of Ali's medical records. *See* ECF 36. Ali originally signed a consent form for the release of his medical records. *Id.* at Ex. A. But after Gilead provided Ali with copies of the subpoenas, Ali withdrew his consent. *Id.* at 2. The Court issued a notice ordering Ali to respond to Gilead's motion to compel his medical records by July 24, 2018. ECF 38. To date, Ali has not filed a response, and therefore Gilead's request is unopposed.

However, in light of Ali's pro se status, the Court notes that Ali generally has a right to privacy over his medical records. *Anderson v. Clawson*, 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014) (citation omitted). But a person waives their right to privacy by bringing claims concerning physical or mental health injuries and seeking damages for those injuries. *See Enwere v. Terman Assocs., L.P.*, 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008). Such a waiver is limited and only applies to private information relevant to the lawsuit. *Id.* Furthermore, the Privacy Act only precludes the disclosure of certain kinds of personal information by federal agencies and does not protect information from disclosure in litigation pursuant to a valid discovery request. *See e.g. Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C.Cir.1987).

In this suit against Gilead, Ali places both his physical and mental health at issue. *See* ECF 1. First, Ali's disability discrimination, failure to accommodate, and retaliation claims necessarily concern his physical disability and medical condition. *Id.* ¶¶ 2, 23–25, 57–61, 66–67. Second, Ali's intentional emotional distress claim and decision to seek damages for emotional distress resulting from his other claims puts his mental and emotional health at issue. *Id.* at ¶¶ 39, 54, 69, 73. In particular, Ali alleges that because of Gilead's retaliation and wrongful termination, he "suffer[s] severe and continuous humiliation, emotional distress, . . . physical and mental pain and anguish." *Id.* at ¶ 83. By these allegations, Ali waives his right to privacy in his mental health records.

According to Gilead, Ali has appeared to acknowledge the relevance of both his physical and mental health during a previous meet and confer by offering to have his doctors provide a letter confirming plaintiff's disability and emotional distress as well as the dates and nature of

4

Ali's treatment. ECF 36 at 2. But a letter of unknown origin, signed by treatment providers selected by Plaintiff, is not sufficient. Gilead is entitled to examine Ali's medical records and healthcare providers regarding the physical and mental health allegations in the Complaint. Further, to the extent Ali alleges that Gilead is the cause of his mental distress, Gilead is entitled to examine records and providers from an earlier time frame to test the allegations of causation. Gilead's access to Ali's historical medical information is not, however, unlimited and should be bounded by a reasonable time period.

Accordingly, the Court orders Ali to execute a release by August 3, 2018, for each of his medical providers for any alleged disability; medical condition; emotional, mental, physical or psychological damage; distress; or injury for which treatment has been sought since August 8, 2013. Ali shall provide Gilead with a complete list of his medical providers since August 8, 2013, and their contact information. Ali's medical providers, including Community Psychiatry and Drs. Kisuk Cho, Catherine Reed, Charles Kaspar, Raymond Lorenzato, Smith, and Shaid, shall release his medical records to counsel for Gilead.

**III. Sanctions**

Gilead seeks sanctions in connection with both discovery disputes. *See* ECF 35, 36. The Court **DENIES** those requests without prejudice. The Parties are reminded that the standards of professional conduct and Civil Local Rule 11-4 require them to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." The Parties are encouraged to maintain a calm, civil environment throughout Ali's deposition to help control Ali's blood pressure and to ensure an efficient use of both Parties' time. Inappropriate conduct during discovery or depositions by either party will lead to sanctions in an amount and manner to be determined by the Court, including and up to case dispositive sanctions. *See* Fed. R. Civ. P. 37(b)(2); *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.").

**IV. Conclusion**

The Court's Order is summarized as follows:

1. The Court **GRANTS** Gilead's motion to compel Ali to appear for a deposition. Ali must appear for three (3) deposition sessions. Each session shall consist of four (4) hours of recorded time for a total of 12 hours of recorded time. Ali may take breaks as needed, but such breaks are not to exceed a total of 90 minutes in each session. The Court clarifies that the 90 minute break shall include any lunch breaks, snack breaks, or any other rest breaks that are unrelated to Ali's health conditions. The Court orders that at least two of the three deposition sessions take place no later than Friday, August 24, 2018.

2. The Court **DENIES** Gilead's requests for costs incurred during additional deposition days, without prejudice to renew those requests upon a showing of good cause. Ali is **ORDERED** to answer the questions that are asked of him absent a valid objection based on privilege and he shall not unnecessarily prolong the deposition. Should Ali cause the deposition to be prolonged, the Court may provide Gilead with additional time for the deposition at Ali's expense;

3. The Court also **DENIES** Ali's request for the appointment of a third-party medical advisory board.

4. The Court advises Ali that a failure to complete a Court ordered deposition may result in a motion by Gilead to strike his claims or impose monetary sanctions.

5. The Court **GRANTS** Gilead's motion to compel the production of Ali's medical records. Ali must execute a release by August 3, 2018, for each of his medical providers for any alleged disability medical condition; emotional, mental, physical or psychological damage; distress; or injury for which treatment has been sought since August 8, 2013. Ali shall provide Gilead with a complete list of his medical providers since August 8, 2013, and their contact information. Ali's medical providers, including Community Psychiatry and Drs. Kisuk Cho, Catherine Reed, Charles Kaspar, Raymond Lorenzato, Smith, and Shaid, shall release his medical records to counsel for Gilead.

6. The Court **DENIES** Gilead's request for sanctions without prejudice.

1    **SO ORDERED.**

2    Dated: July 31, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge