UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>GILEAD SCIENCE, INC.,<br><br>    Defendant. | Case No. 18-cv-00677-LHK (SVK)<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S RFPS, SET ONE**<br><br>Re: Dkt. Nos. 40, 48 |

Before the Court is Defendant Gilead Science, Inc.'s ("Gilead") discovery letter seeking to compel Plaintiff Syed Nazim Ali ("Ali") to produce responses to the nine categories of documents set forth in Gilead's Request for Production ("RFP"), Set One. ECF 40. Ali's suit against Gilead alleges discrimination on the basis of race, national origin, religion, and disability as well as a failure to accommodate, wrongful termination, and intentional infliction of emotional distress. *See* ECF 1. These claims arise out of Ali's placement with Gilead from January 2016 to May 2016 through FusionStorm, a temporary IT staffing agency and Ali's actual employer at the time. ECF 33 at 2.

The Honorable Judge Lucy Koh established phased discovery with the Alternative Dispute Resolution ("ADR") phase of discovery to be completed by August 3, 2018, to allow the Parties to complete an early settlement conference by August 27, 2018.[1] ECF 17. During the ADR phase of discovery the Parties are permitted twenty document requests, ten interrogatories, and ten requests for admission per a side. *Id.*

---

[1] The Parties have filed a joint stipulation to extend the ADR phase of discovery and the deadline to conduct a settlement conference. ECF 51. Until the Judge Koh addresses that stipulation, this Court's deadlines remain in place. If Judge Koh approves the stipulation, the parties may propose appropriately adjusted deadlines to this Court.

Through its motion, Gilead seeks to compel Ali to produce documents responsive to its RFPs, Set One. ECF 40. The Parties dispute when and under what circumstances Ali received the subject RFPs. It is undisputed, however, that the RFPs were attached to Gilead's motion filed on July 24, 2018. *Id.* at Ex. A. In consideration of the expedited ADR discovery schedule, the Court takes Ali's July 31, 2018, discovery letter in opposition to Gilead's motion as a response to Gilead's RFPs, Set One. The Court orders Ali to conduct a reasonable and diligent search for any additional, responsive documents, as indicated below.

### I. BACKGROUND

On July 24, 2018, Gilead filed a discovery letter alleging that Ali has not objected or responded to Gilead's RFPs, Set One. *Id.* at 2. In response, Ali filed his own discovery letter on July 31, 2018, which contends that he does not have a copy of Gilead's RFPs, Set One. ECF 48.

According to Gilead, it served set one of its RFPs, on Ali, in person, at the May 2, 2018, Initial Case Management Conference. ECF 40 at 2. Gilead contends that it followed up by emailing Ali a courtesy copy of the RFPs on May 4, 2018, per Ali's request. *Id.* Gilead also alleges that Ali replied to that email and acknowledged receiving the RFPS. *Id.* Nevertheless, Gilead contends that during a subsequent meet and confer session, Ali claimed he never received them. *Id.* So on June 13, 2018, Gilead emailed Ali a second courtesy copy of the RFPs. *Id.*

Gilead argues that Ali must now respond to all of Gilead's requests in its RFPs, Set One for two reasons. *Id.* First, Ali waived any objections he may have to Gilead's RFPs, by failing to respond to them. *Id.* Second, the requests are narrowly tailored and seek documents that go directly to Ali's claims. *Id.* Gilead further contends that Ali has responsive documents in his possession. For example, Ali allegedly indicated that he may produce responsive documents after Gilead produced its documents. *Id.* at 4. Gilead also points to a separate lawsuit between Ali and FusionStorm, in which FusionStorm produced documents to Ali that are responsive to Gilead's RFPs. *Id.* As a result, Gilead seeks an order from the Court compelling Ali to promptly complete a diligent search and reasonable inquiry for all responsive documents to Gilead's RFPs, Set One, and to produce those documents to Gilead. *Id.*

Ali insists that the first set of the subject RFPs he was provided were lost in the courtroom.

ECF 48 at 2. Ali alleges that he contacted Gilead's counsel and requested another copy of Gilead's RFPs, but Gilead's counsel did not respond to his request. *Id.* Ali further alleges that he requested that Gilead's counsel resend Gilead's RFPs, Set One, during a subsequent meet and confer session. *Id.* at 3. But Ali claims that Gilead's counsel failed to resend them. *Id.* Consequently, Ali argues that he has never refused to respond to Gilead's RFPs, Set One. *Id.* at 5.

As noted above, it is undisputed that Ali received Gilead's RFPs, Set One, as an attachment to Gilead's discovery letter. ECF 40 at Ex. A. In his opposition, Ali alleges that he has produced all responsive documents to Gilead's RFPs, despite the difficulty he has encountered in locating documents after moving three times in the past two years. ECF 48 at 3. The Court takes Ali's July 31, 2018, discovery letter as a response to Gilead's RFPs, Set One.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered Judge Koh's order phasing discovery, Gilead's RFPs, Gilead's discovery letter, Ali's discovery letter in opposition and the Court's General Order 71(Initial Discovery Protocols for Employment Cases Alleging Adverse Action), the Court ORDERS as follows:

## II. DISCUSSION

In consideration of Ali's pro se status and the fast approaching August 27, 2018, settlement conference, the Court has modified Gilead's requests to reflect responses that may be accomplished in this short period of time. To the extent the Court refers to the "second phase of discovery," that phase follows the early settlement conference. Plaintiff Ali shall produce documents in response to Defendant's RFPs as modified below by **August 10, 2018**.

**RFPs NOs. 1–6:** RFPs NOs. 1–6 seek information related to each of the six causes of action in Ali's complaint against Gilead. The Court finds that Gilead's requests are generally directed to relevant material, but Gilead's use of the term "pertaining" is vague. Thus, Ali is to produce all documents upon which Ali relies on to support Ali's claims in each of his six causes of action by August 10, 2018.

**RFP NO. 7:** The Court has previously ordered Ali to produce all his medical records dating back to August 8, 2013. ECF 45. In addition to those records, Ali must produce

documents showing any disability benefits that Ali applied for or received on account of his alleged disability or alleged mental and emotional injuries in this case by August 10, 2018. In the second phase of discovery, Ali is to produce any documents authored by him or communications to or from him relating to his alleged disability. To the extent Gilead seeks documents that are not covered by those categories, Gilead's request is overbroad and therefore not in proportion to the ADR discovery phase of this case.

**RFP NO. 8:** This request is overbroad and therefore not in proportion to the ADR discovery phase of this case. In particular, the Court denies Gilead's request for the production of text messages without prejudice on the grounds that Gilead's request is unduly burdensome and not proportional to the needs of the case. Gilead may renew this request in a subsequent phase of discovery upon a showing of good cause. Thus, the Court modifies RFP NO. 8 as follows:

First, Ali is to produce by August 10, 2018, all email communications showing what information was allegedly represented to Ali by Gilead and FusionStorm regarding his assignment, including the terms of the assignment, expectations, experience required, duties and responsibilities of the assignment, and duration of the assignment. Second, Ali is to produce by August 10, 2018, all email communications regarding his performance during his assignment at Gilead and the reasons and circumstances related to the ending of his assignment.

In the second phase of discovery, Ali is to produce all email communications showing what Ali represented to both Gilead and FusionStorm regarding his candidacy and leading to his selection for the assignment, including what he communicated regarding his qualifications, experience, and availability.

**RFP NO. 9:** This request is overbroad and therefore not in proportion to the ADR discovery phase of this case. In particular, the Court denies Gilead's request for the production of text messages without prejudice on the grounds that Gilead's request is unduly burdensome and not proportional to the needs of the case. Gilead may renew this request in a subsequent phase of discovery upon a showing of good cause. The Court modifies RFP NO. 9 as follows:

In the second phase of discovery, Ali is to produce all communications, excluding text messages, with any current or former employee or contractor of FusionStorm, or with any current

or former employee or contractor of Gilead, referring or relating to Plaintiffs assignment with Gilead, including but not limited to Plaintiffs candidacy, qualifications, selection, assignment terms and duration, duties, performance, and the ending of Plaintiffs assignment.

Finally, the Court also **DENIES** Ali's request to order Defendant Gilead to accept service of documents by email instead of mail. ECF 48 at 3. Such a request is not properly before the Court. Further, the Court is hesitant to make such an order given the Parties' current dispute over whether or not Ali received subsequent copies of Gilead's RFPs, Set One via email.

### III. SANCTIONS

Gilead asks the Court to impose $1,500 in sanctions on Ali for failing to respond to its RFPs, Set One, and "to deter Ali from continuing to play games with the discovery process." ECF 40 at 4. The Court **DENIES** Gilead's requests without prejudice. The Parties are reminded that the standards of professional conduct and Civil Local Rule 11-4 require them to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." Additional misbehavior by either party will lead to sanctions in an amount and manner to be determined by the Court, including and up to case dispositive sanctions. *See* Fed. R. Civ. P. 37(b)(2); *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate.").

### IV. CONCLUSION

Plaintiff Ali shall produce documents in response to Defendant's RFPs as modified above by **August 10, 2018**.

**SO ORDERED.**

Dated: August 3, 2018

SUSAN VAN KEULEN
United States Magistrate Judge

5