UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>GILEAD SCIENCE, INC.,<br><br>    Defendant. | Case No. 18-cv-00677-LHK (SVK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE PROTOCOL** |

The Court's Civil Scheduling and Discovery Standing Order governs the submission of discovery disputes to this Court. It provides that:

> For all discovery disputes, the parties must meet and confer to attempt to resolve the dispute. The meet and confer must be in person or by telephone. ***A mere exchange of letters, emails, or messages does not satisfy the requirement to meet and confer.*** If the parties are unable to reach a resolution they must file a joint statement of five pages or less in text-searchable PDF format that: (1) states the number of days remaining before the close of fact discovery and/or days until trial; (2) briefly describes each unresolved issue without undue argument; and (3) states, in a coordinated format that easily allows for comparison, each party's proposed compromise with respect to each unresolved issue. Absent prior leave of Court, the only exhibit permitted to the joint statement is a copy of the specific discovery request(s) at issue and the response(s) to it (e.g., requests for production, interrogatories, privilege log, nonparty subpoena, deposition excerpts, initial disclosures, contentions, etc.). Each party will also submit a proposed order with the joint statement in accordance with the above protocol. For all cases, the joint statement must be filed no later than 7 days after the discovery cut-off date(s) pursuant to Civil L.R. 37-3.

The Court appreciates that the meet and confer requirement can be challenging, particularly where, as here, the parties have long-running disputes in various matters. However, it is in precisely such matters where the meet and confer requirement is heightened and will be most stringently enforced by the Court. Such meet and confer efforts should culminate in either a resolution between the parties or the submission of a

joint discovery letter. Based upon the Parties' repeated submission of separate discovery letter briefs, it has become evident that the Parties no longer believe joint submissions are required. They are.

In light of the numerous discovery disputes between the Parties, and to ensure compliance with this Court's standing order, the Parties are hereby **ORDERED** to comply with the following protocol prior to and when submitting discovery disputes to this Court.

1. After the Parties meet and confer in compliance with the Court's standing order, the complaining party must provide its portion of a joint statement to the responding party during normal, weekday business hours (Monday-Friday, 9:00 am to 5:00 pm).
2. The responding party will have 72 business-day hours to provide its response to complaining party who may then submit the joint statement to the Court. Such a statement shall not exceed five (5) pages in total, not including the permitted exhibits under the Court's standing order. All joint submissions must fully comply with the Court's standing order referenced above.
3. If the responding party fails to provide a response within 72 hours, the complaining party may submit its separate statement to the Court. Such a statement must be limited to two and half (2 ½) pages and include an attestation that the complaining party provided its statement to responding party in compliance with this Order.
4. By failing to comply with this Order, a responding party waives arguments it may have had in opposition to the complaining party's request.
5. The Court may strike a request by a complaining party who fails to comply with this Order.

6. Any willful failure to comply with a Court order may result in sanctions.  The Federal Rules of Civil Procedure authorize the Court to order a variety of penalties from monetary sanctions to case dispositive sanctions for a failure to comply with a discovery order.  *See* Fed. R. Civ. P. 37(b)(2).

**SO ORDERED.**

Dated: September 6, 2018

SUSAN VAN KEULEN
United States Magistrate Judge